PEÑAGARÍCANO, APPELLANT, *v.* PEÑAGARÍCANO ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 2.

No. 971.—Decided May 9, 1913.

NATURAL CHILDREN—ACTION OF FILIATION—ACT OF ACKNOWLEDGMENT.—An action of filiation is necessary when the status of a natural child has not been established by an act of acknowledgment made in a solemn and authentic manner, enabling it to show its status as such the same as if it were a legitimate child.

ID.—DEMURRER—CONCLUSION OF LAW.—As a demurrer admits only such facts as are well pleaded in the complaint, the allegation therein that a person possesses the status of a natural child is insufficient to produce that effect because said allegation is a conclusion of law.

NATURE OF CAUSE OF ACTION—TITLE OF ACTION—PRAYER OF COMPLAINT.—Neither the wording of the prayer of the complaint nor the title of the action necessarily determines the nature of the cause of action, but this must be inferred from the facts originating the same.

The facts are stated in the opinion.
*Mr. Jacinto Texidor* for appellant.
*Mr. Eduardo Acuña* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the prayers of the complaint were that the court should render judgment declaring as follows:

"1. That the complainant is the natural acknowledged daughter of Manuel Antonio Peñagarícano and that such acknowledgment was made by that gentleman by virtue of the acts that are alleged in the complaint; and that the complainant has been in the constant possession of the status of natural daughter of the said Sr. Peñagarícano, justified by the direct acts of him and his family.

"2. That the complainant is a forced heir of Don Manuel Antonio Peñagarícano.

"3. That the testament made by Don Manuel Antonio Peñagarícano on May 6, 1890, is null in so far as it constitutes heirs because it omitted the complainant; and null the partition of property carried into effect by that testament."

The question raised in this appeal is that the court committed an error in sustaining a demurrer to the complaint on the ground of prescription, inasmuch as the action brought here is not for filiation but for a judicial declaration of the rights of a child whose status has already been established.

The specific acts of the father alleged in the complaint were that in 1873 he had continuous and sustained carnal relations with the mother of the complainant, both being single and competent to contract marriage; that when the mother was in a family way the father, always promising to marry her, induced the mother to go to Spain, where the complainant was born on May 5, 1875; that the said father aided the said mother during her pregnancy and expressed solicitude for the child and called it his own; that from the moment the child was born he deemed it his own and called it so in his letters, delivering to the mother the necessary funds for the child's support, promising in his letters to marry the mother and legitimatize the daughter whom he expressly recognized as such, not only to the mother but to his own brothers and cousins; that the child was baptized afterwards in Porto Rico in 1876, it being expressly declared in the certificate of birth by direction of the father, Manuel Antonio Peñagarícano, that the plaintiff was the natural acknowledged child of Manuel Antonio, which was done in the presence of Juan Tomás Peñagarícano who was acquainted with this fact and was the father's

brother and godfather at the baptism; that during his life-
time the father always recognized the complainant and sup-
ported her; that the family of Manuel Antonio Peñagaricano
always treated the complainant as the natural child of Manuel
Antonio, and that the latter died in Spain leaving a will dated
May 6, 1890, without keeping his promise to marry the mother
of complainant and without making any testamentary disposi-
tion in favor of the latter.

The facts set forth in the complaint undoubtedly consti-
tute a cause of action as to the acknowledgment or filiation
of the plaintiff with respect to Manuel Antonio Peñagaricano,
the plea of prescription being therefore a proper one against
said action as we have frequently decided. The complaint,
however, does not show the status of the plaintiff as a natural
acknowledged child of said Peñagaricano, inasmuch as no
showing has been made by the complainant as to any solemn
act performed by Manuel Antonio Peñagaricano revealing
in an authentic form his willingness to recognize the plain-
tiff as his natural child, thus relieving her of the necessity
of bringing an action of filiation or acknowledgment. If
there was any solemn act of acknowledgment of which an
authentic and faithful proof might possibly be shown, then
such an act should have been alleged as a basis for the deci-
sion regarding a status of natural filiation which had been
previously acquired.

We have already stated upon deciding the case of *Amster-
dam et al.* v. *Puente et al.,* 16 P. R. R., 533, that:

"We think it is a fair deduction from the provisions of the Civil
Code, heretofore in existence, as well as the practice and jurisprudence
in this regard that, without some authentic act which reveals the will
of the father to give the child a status, the child has only a right of
action to compel the father to confer such status. Section 135 of the
Spanish Civil Code and section 189 of the Porto Rican Civil Code pro-
vide for the cases when a father is compelled to acknowledge his illegi-
timate child. He can be compelled by an action, and the necessity for
such action can only be said to be dispensed with when there are some

solemn acts on the part of the father, which show that this obligation has already been performed. It is the plain inference from these sections that although a father may have done, as in the case before us, any number of acts to show that a particular person was his child, yet he cannot be said to have acknowledged him according to the legal use of the word 'acknowledgment.' If he may be compelled then before such compulsion the *desideratum* has not been attained. Until there is some solemn act or some declaration on the part of a court a child cannot be said to have acquired the civil status of an acknowledged natural child.''

Reference is also made to the decision of this court in the cases of *Justo Puente et al.* v. *Félix Puente y Solano et al.,* and of *Emilia Rijos Córdova* v. *Teresa Folgueras Rijos et al.,* 16 P. R. R., 556 and 593.

The action which has been brought in this case is properly one of acknowledgment whatever may be the wording contained in the prayer of the complaint, as we have already held and continue to hold that the nature of the cause of action is not necessarily determined either by the prayer of the complaint or by the title of the action, but must be inferred from the facts originating the same.

If the object of the complaint had been a mere judicial pronouncement of a preexisting status of a child already recognized in a solemn and authentic manner it would not have been necessary for the complainant to have established in her complaint the necessary and material elements of an action of filiation or acknowledgment. The mere recital of the acknowledgment in a solemn and authentic manner would have been enough. The acts set forth moreover show the potentiality of an acknowledgment rather than its actual existence. If a judicial declaration is necessary, as we said in *Amsterdam* v. *Puente, supra,* the *desideratum* cannot have been attained. The facts set forth are those for which a father may be compelled to acknowledge a child and do not show an acquired status in a solemn and authentic manner.

The previous decisions of this court also establish that

an action of filiation is necessary when the status of a natural child has not been created by an act of acknowledgment of the father made in an authentic and solemn manner; so that the natural acknowledged child may be able to show his condition as such a child the same as if he were legitimate. *Rijos* v. *Folgueras et al.,* 16 P. R. R., 593.

Under these circumstances, as the complainant was clearly over thirty years of age when she brought her complaint, the action had prescribed and the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.